**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| OWEN ROBINSON, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil No. 07-1469 (JBS) |
| v. |  |
| WARDEN, FCI FORT DIX, et al., | **OPINION** |
| Respondents. |  |

**APPEARANCES**:

    OWEN ROBINSON, #34920-037
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**SIMANDLE**, District Judge

    Owen Robinson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking restoration of good conduct time forfeited as a disciplinary sanction for possession of a hazardous tool (code 108).  For the reasons expressed below, the Court will dismiss the Petition with prejudice.

### I.   BACKGROUND

    Petitioner challenges a disciplinary sanction forfeiting earned good conduct time imposed by the Bureau of Prisons ("BOP") for possession of a cell phone.  Petitioner argues that the search leading to discovery of the cell phone was illegal, he was

denied procedural due process at the disciplinary hearing, the disciplinary charge is constitutionally vague, a cell phone does not qualify as a hazardous tool, and there was insufficient evidence to find him guilty.  Attached to the Petition are copies of the Discipline Hearing Officer's Report ("DHO Report") dated December 20, 2005; the Incident Report dated December 9, 2005; Petitioner's Administrative Remedy Appeal dated January 19, 2006; the Decision of the Regional Director of the BOP dated February 24, 2006; Petitioner's Central Office Administrative Remedy Appeal dated March 29, 2006; and the Decision of Harrell Watts, Administrator of National Inmate Appeals dated July 20, 2006.

On November 28, 2005, Correctional Officer M. Holterman conducted a random search of room 325.  Inside Petitioner's secured wall locker, Holterman found a Sony Ericsson cell phone, two A/C adapters, and two connecters, which were sealed inside powdered mild containers.  Holterman prepared an Incident Report charging Petitioner with possession of a hazardous tool (code 108) and possession of anything unauthorized (code 305).

On December 12, 2005, the DHO conducted a disciplinary hearing.  Petitioner was present.  The DHO read the body of the Incident Report out loud and asked Petitioner for a statement.  Petitioner replied, "No comment."  On December 20, 2005, the DHO issued a Report finding that Petitioner had committed the prohibited acts and recommending the following sanctions for

possession of a hazardous tool:  41 days loss of good conduct time, 60 days in disciplinary segregation, forfeiture of 54 days of non-vested good conduct time, and loss of phone privileges for six months.[1]

Petitioner appealed to the BOP's Regional Director.  On February 24, 2006, D. Scott Dodrill, Regional Director, denied the appeal.  The decision provides, in relevant part:

> In your appeal, you do not deny that on November 28, 2005, one cell phone, two adapters and two connnectors were found in your secured wall locker during a search of your room.  Throughout the disciplinary process, you refused to provide any statement regarding the charges.  Program Statement 5270.07, Inmate Discipline and Special Housing Units, states, it is an inmate's responsibility to keep his or her area free of contraband.  You are responsible for all items in your cell and assigned areas.  Based on the evidence presented, it was reasonable for the DHO to find you committed the prohibited act.  A cell phone is hazardous to institution security as it hampers staff's ability to properly monitor inmate phone use.  As such, on May 5, 2005, a memorandum to the inmate population at FCI Fort Dix advised that possession of a cell phone would be considered a violation of offense Code 108.  Even if the cell phone adapters and connectors alone were not hazardous tools, they are considered unauthorized property . . . .

---

[1] The DHO also imposed sanctions for possession of anything unauthorized:  15 days disciplinary segregation, 120 days loss of commissary privileges, and 6 months loss of visitation privileges.  Petitioner does not challenge these sanctions. Moreover, as the sanction does not affect the fact or duration of Petitioner's confinement, such a challenge may not be entertained in a habeas case.

> The record in this case reflects substantial compliance with Program Statement 5270.07, Inmate Discipline.  The decision of the DHO was based upon the greater weight of evidence and the sanctions imposed were consistent with the severity level of the prohibited acts . . . .  Accordingly, your appeal is denied.

Decision of D. Scott Dodrill, Regional Director, dated Feb. 24, 2006.)

Petitioner appealed Dodrill's decision to the BOP's Central Office.  On July 20, 2006, Harrell Watts, Administrator of National Inmate Appeals, upheld the decision of the Regional Director as follows:

> Records indicate you appeared before the DHO, were advised of your rights, but declined to make a statement.  The DHO relied upon the reporting officer's account of the incident.  Although you now dispute the charge, the evidence is sufficient to support the finding . . . .
>
> You state a cellular telephone is not a hazardous tool.  A cellular telephone permits an inmate to circumvent the telephone monitoring system, and may be used as a tool which coordinates or facilitates escape and the introduction of illicit materials or drugs.  The use of the code 108 offense is consistent with possession of such a device and the inmate population was provided specific notice of such.

(Decision of Harrell Watts, Administrator, National Inmate Appeals, dated July 20, 2006.)

The Clerk received the Petition (presently before this Court) on March 29, 2007.  Petitioner challenges the disciplinary

finding that he committed code 108, possession of a hazardous tool, on the following grounds:  (1) the search was unlawful; (2) Petitioner did not receive due process because he was not permitted to cross-examine the officer who prepared the Incident Report and he was not provided an attorney; (3) the finding is not supported by sufficient evidence; and (4) the charge of possession, manufacture or introduction of a hazardous tool is constitutionally vague, and a cell phone does not constitute a hazardous tool.

## II.  DISCUSSION

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the loss of good conduct time on federal grounds, and he was incarcerated in New Jersey at the time he filed the Petition. See Preiser v. Rodriguez, 411 U.S. 475 (1973); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005).

The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. A person is entitled to due process of law when government action deprives him or her of life, liberty or property. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). To analyze a due process claim, the first step is to decide whether the person was deprived of a liberty or property interest protected by due process. See Fuentes v. Shevin, 407 U.S. 67 (1972). Only if the answer is yes, is the second step, determining what process is due, necessary. See Morrissey v. Brewer, 408 U.S. 471 (1972).

Federal inmates possess a liberty interest in good conduct time. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F. 2d 1396, 1399 (3d Cir. 1991); Levi v. Holt, 192 Fed. Appx. 158 (3d Cir. 2006). Where a prison disciplinary hearing results in the loss of good conduct time, due process

requires: (1) 24 hours advance written notice of the disciplinary charges; (2) a hearing with the right to testify, call witnesses and present documentary evidence, when not unduly hazardous to correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action.  See Wolff, 418 U.S. at 564-566.

In addition to the requirements of Wolff, "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary [officer] are supported by some evidence in the record."  Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985) (citations and internal quotation marks omitted); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992); Thompson v. Owens, 889 F.2d 500, 501 (3d Cir. 1989).

Petitioner's first argument is that the search of his secured locker was illegal because he was not present during the search.  The Fourth Amendment protects "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures."  U.S. CONST. amend. IV.  However, the United States Supreme Court has held that "prisoners have no legitimate expectation of privacy."  Hudson v. Palmer, 468 U.S. 517, 530 (1984).

> A right of privacy in traditional Fourth
> Amendment terms is fundamentally incompatible

7

>     with the close and continual surveillance of
>     inmates and their cells required to ensure
>     institutional security and internal order.
>     We are satisfied that society would insist
>     that the prisoner's expectation of privacy
>     always yield to what must be considered the
>     paramount interest in institutional security.
>     We believe that it is accepted by our society
>     that loss of freedom of choice and privacy
>     are inherent incidents of confinement.

Id. at 527-28 (footnotes, citations and internal quotation marks omitted); see also Bell v. Wolfish, 441 U.S. 520, 558-560 (1979) (body cavity searches of pretrial detainees and convicted prisoners do not violate the Fourth Amendment).  Thus, Petitioner is not entitled to habeas relief based on the search.

Next, Petitioner challenges the disciplinary finding on the ground that he was not permitted to cross-examine the officer who prepared the Incident Report and he was not provided an attorney.  These claims fail, however, because Due Process does not require cross-examination or the provision of an attorney.  See Wolff, 418 U.S. at 564-566.

Petitioner further argues that the BOP did not prove that he had possession of the cell phone and equipment, since all correctional officers have keys to lockers.  In addition, he maintains that the BOP failed to establish his ownership of the cell phone through fingerprints, DNA or other evidence.  These claims do not warrant habeas relief because there was "some evidence" in the record to support the finding that Petitioner

8

possessed the cell phone and other items.  The Supreme Court explained the "some evidence" standard in this passage of Hill:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [officer].

Hill, 472 U.S. at 455-456; see also Thompson, 889 F.2d 500.

Petitioner does not dispute that, in conducting a random search on November 28, 2005, Officer Holterman found a cell phone, two A/C adapters, and two connectors in powdered milk containers in Petitioner's secured wall locker.  These undisputed facts were before the DHO and satisfy the "some evidence" standard.

Finally, Petitioner argues that the standard, "possession of a hazardous tool," is constitutionally vague, and that a cell phone is not a hazardous tool.  A statute or regulation must fail for vagueness if it "forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning." Connally v. Gen. Constr. Co., 269 U.S. 385, 391 (1926).  "However, if the challenged regulation clearly applies to the challenger's conduct, he cannot challenge the regulation for facial vagueness." Gibson v. Mayor & Council of City of Wilmington, 355 F. 3d 215, 225 (3d Cir. 2004) (citing Parker v. Levy, 417 U.S. 733, 755-56 (1974)).

9

BOP regulations authorize the BOP to impose sanctions when an inmate "is found to have committed a prohibited act." 28 C.F.R. § 541.13(a).  Prohibited acts under BOP regulations include code 108, entitled "Possession, manufacture, or introduction of a hazardous tool (Tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade). 28 C.F.R. § 541.13, Table 3.

It is undisputed that, on May 5, 2005, a memorandum advised inmates at FCI Fort Dix that possession of a cell phone would be considered a violation of offense code 108, possession of a hazardous tool.  The BOP's interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation." Chong v. Dist. Dir., I.N.S., 264 F. 3d 378, 389 (3d Cir. 2001).

The BOP's definition of hazardous tool to include a cell phone is not plainly erroneous or inconsistent with BOP regulations, see Chong, 264 F. 3d at 389.  Moreover, given this definition, Plaintiff's conduct clearly falls within code 108. Thus, Petitioner may not raise a vagueness argument.  Under these circumstances, this Court rejects Petitioner's argument that Code 108 is constitutionally vague.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with prejudice.

                                                            **s/ Jerome B. Simandle**
                                                            **JEROME B. SIMANDLE, U.S.D.J.**

Dated:     **April 16**  , **2007**